UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DANIEL CHRISTENSEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | CASE NO. 3:23-cv-468<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Daniel Christensen ("Plaintiff"), on behalf of himself and all persons similarly situated, alleges the following based on personal knowledge as to allegations regarding the Plaintiff and on information and belief as to other allegations.

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself and a class of all similarly situated consumers against Defendant Bank of America, N.A. ("Bank of America"), arising from its unfair, deceptive, and unlawful practices.

2. Financial Institutions, including Bank of America, have a reputation for fiercely marketing the supposed perks of credit cards they issue. In a blatant act of false advertising and promotion over many years, Bank of America deceived consumers into applying for rewards credit cards ("Rewards Cards") for which sign-up bonuses ("Sign-Up Bonuses") would be paid.

3. Bank of America misrepresented to its credit card applicants that it would pay these Sign-Up Bonuses only to turn around and never do so despite the new customers' satisfaction of the simple obligation to start using the credit card. With the Rewards Cards at issue, new

1

accountholders spent the required amount using their new credit cards within the specified time period, and their Sign-Up Bonuses should have automatically been credited to their accounts, either in cash or rewards points.

4. With respect to its Rewards Card practices, Bank of America recently entered a Consent Order with the Consumer Financial Protection Bureau ("CFPB"). The Consent Order is attached as Exhibit A that has exposed the degree to which Bank of America has misrepresented its Sign-Up Bonus practices.

5. Plaintiff, on behalf of himself and the Class (defined below), seeks to end Bank of America's deceptive practices and sues for actual, statutory, and punitive damages, restitution, and injunctive relief, as set forth more fully below.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed classes is a citizen of a different state than Bank of America.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Bank of America is subject to personal jurisdiction here and regularly conducts business and is headquartered in the North Carolina, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## PARTIES

8. Plaintiff Daniel Christensen is a citizen and resident of Florida. Plaintiff applied for and opened a Rewards credit card account with Bank of America.

9. Defendant Bank of America is a national bank with its headquarters and principal

place of business in Charlotte, North Carolina. Among other things, Bank of America is engaged in the business of providing retail banking services to consumers, including Plaintiff and members of the putative Class.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

**A.     Bank of America's Deceptive Advertising of Rewards Cards and Sign-Up Bonuses**

10.     Bank of America consistently misrepresented to applicants for its Rewards Cards whether and the extent to which they would be paid a Sign-Up Bonus in the form of cash or rewards to induce the issuance of new Rewards Cards.

11.     Plaintiff and other similarly situated Rewards Card accountholders signed up but did not receive their Sign-Up Bonuses either in whole or in part.

12.     For example, Bank of America advertised Sign-Up Bonuses for Rewards Cards without stating a limitation to online applications only.

13.     As another example, Bank of America employees promoted the Rewards Card with the Sign-Up Bonus, and then customers like Plaintiff applied in-person or via telephone for the Rewards Card, but were never paid their Sign-Up Bonuses.

14.     As a third example, applicants were promised a Sign-Up Bonus when they signed up for a Bank of America Rewards Card through a partner, but never received their Sign-Up Bonuses in full or in part.

15.     Whether the misrepresentation was made online or orally by Bank of America, members of the "Class" (defined below) were promised that they would receive their full, as advertised Sign-Up Bonus if they met the stated spending minimum within the time required.

16.     Bank of America knew that in-person and telephone Rewards Cards applicants whose accounts were approved and opened, like Plaintiff and members of the Class, would not be paid the Sign-Up Bonus.

17. These misrepresentations were material to Plaintiff and members of the Class, who signed up for the Rewards Card, met the spending amount requirement (and any other precondition to receiving the benefit), but did not receive the promised Sign-Up Bonus.

C. **Bank of America's Practices Have Several Negative Public Policy Impacts**

18. Bank of America's practices are so harmful to the public that very recently, the CFPB required Bank of America to enter into the Consent Order to proscribe these practices. Ex. A.

19. Underlying the severity of Bank of America's misconduct, under the Consent Order, Bank of America must pay a civil money penalty of $30,000,000.00 to the CFPB.

20. As CFPB Director Rohit Chopra put it: "Bank of America wrongfully withheld credit card rewards. . . [.] **These practices are illegal and undermine customer trust**."[1] (Emphasis added.)

D. **Plaintiff's Experience**

21. Plaintiff maintains a credit card account for a Bank of America Allegiant World Mastercard.

22. Plaintiff signed up for the account through a partnership Bank of America maintains with Allegiant in May of 2022.

23. In signing up for the account, Plaintiff relied upon representations made by Bank of America, through Allegiant, that he would receive a Sign-Up Bonus of a $100 future statement credit and 15,000 bonus points if he met the spending minimum.

24. Plaintiff met the spending minimum, but Bank of America has refused to honor the

---

[1] https://www.consumerfinance.gov/about-us/newsroom/bank-of-america-for-illegally-charging-junk-fees-withholding-credit-card-rewards-opening-fake-accounts/

$100 future statement credit.

## CLASS ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements.

26. The proposed "Class" is defined as:

All Bank of America accountholders who, from January 1, 2012 through present, signed up for a Rewards Card with a Sign-Up Bonus, but did not receive the full Sign-Up Bonus despite timely meeting any spending requirement.

27. Plaintiffs reserve the right to modify or amend the definitions of the proposed Class before the Court determines whether certification is appropriate.

28. Excluded from the Class are Bank of America, its parents, subsidiaries, affiliates, officers and directors, any entity in which Bank of America has a controlling interest, all personal accountholders who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

29. The members of the Class are so numerous that joinder is impractical. The Class consist of at least thousands of members, the identity of whom is within the knowledge of, and can be ascertained only by resort to, Bank of America's records.

30. The claims of Plaintiff for are typical of the claims of the Class:

   a. Plaintiff like all members of the Class, signed up for a Rewards Card with a Sign-Up Bonus, but did not receive a Sign-Up Bonus despite timely meeting the spending requirement.

   b. Plaintiff was damaged because he signed up for a Rewards Card with a Sign-Up Bonus, but did not receive a Sign-Up Bonus despite timely meeting the spending

requirement, and thus like all members of the Class, was damaged by Bank of America's misconduct.

c. Furthermore, the factual basis of Bank of America's misconduct is common to all members of each of the Class and represents a common thread of unfair and unconscionable conduct resulting in injury to all members of the Class. And Bank of America has no unique defenses that would apply to Plaintiffs and not the Class.

31. There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual members of the Class.

32. Among the questions of law and fact common to the Class include the following:

a. Whether Bank of America violated the consumer protection laws of North Carolina by advertising Sign-Up Bonus for a Rewards Card, but not issuing the Sign-Up Bonus despite Class members timely meeting the spending requirement, and whether its conduct was deceptive;

b. Whether Bank of America was unjustly enriched when members of the Class signed up for a Rewards Card with a Sign-Up Bonus, but did not receive a Sign-Up Bonus despite timely meeting the spending requirement;

c. Whether Bank of America breached its contract and/or the implied duty of good faith and fair dealing with Class members who signed up for a Rewards Card with a Sign-Up Bonus that was not paid;

d. The proper method or methods by which to measure damages and/or restitution and/or disgorgement; and

e. Whether Plaintiff and the Class are entitled to declaratory and injunctive relief and

6

the nature of that relief.

33. Plaintiff's claims are typical of the claims of other members of the Class, in that they arise out of the same wrongful Bank of America policies and practices. Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other member of the Class.

34. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions and, in particular, consumer class actions against financial institutions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the respective Class.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual member of the Class's claim is small relative to the complexity of the litigation, and due to the financial resources of Bank of America, no member of the Class could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the members of the Class will continue to suffer losses and Bank of America's misconduct will proceed without remedy.

36. Even if members of the Class themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

37. Plaintiff knows of no difficulty to be encountered in the maintenance of this action

that would preclude its treatment as a class action.

38. Bank of America has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

39. All conditions precedent to bringing this action have been satisfied and/or waived.

## COUNT I
### Breach of Contract Including Breach of the Covenant of Good Faith and Fair Dealing

40. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs 1 through 39.

41. Plaintiff (and fellow members of the putative Class) and Bank of America have contracted for financial services, as embodied in the "Terms and Conditions."

42. The Terms and Conditions include the representations Bank of America made regarding issuing a Sign-Up Bonus when Plaintiff (and fellow members of the Class) signed up for a Bank of America Rewards Card.

43. Bank of America did not issue the Sign-Up Bonus in whole or in part to Plaintiff and members of the Class.

44. Therefore, Bank of America breached the terms of the Account Documents that form the contract Plaintiff (and fellow members of the Class).

45. Additionally, under the laws of each state where Bank of America does business and has personal accountholders, good faith is an element of every contract. Whether by common law or statute, all such contracts impose upon each party a duty of good faith and fair dealing. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit – not merely the letter – of the

bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

46. Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of bad faith are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

47. Bank of America has breached the covenant of good faith and fair dealing in the Account Documents by failing to issue the full Sign-Up Bonus to Plaintiff (and fellow members of the putative Class).

48. Instead of exercising that discretion in good faith and consistent with Plaintiff's reasonable expectations, Bank of America abuses that any discretion afforded to it by the Account Documents by not issuing the Sign-Up Bonus.

49. By exercising its discretion to enrich itself by gouging its consumers, Bank of America consciously and deliberately frustrates the agreed common purposes of the contract and disappoints the reasonable expectations of Plaintiff and members of the Class, thereby depriving them of the benefit of their bargain.

50. Plaintiff and members of the Class have performed all, or substantially all, of the obligations imposed on them under the contract.

51. Plaintiff and members of the Class have sustained damages as a result of Bank of America's breach of contract and breach of the covenant of good faith and fair dealing.

**COUNT II**
**Unjust Enrichment**

52. Plaintiff repeats and incorporates by reference paragraphs 1 through 39.

53. This claim is pled in the alternative to Counts I and III.

54. Plaintiff and members of the Class conferred a monetary benefit on Bank of America by signing up for and then using their Rewards Cards to purchase services or goods.

55. Bank of America had knowledge of this benefit when it accepted the money from Plaintiff and members of the Class.

56. Plaintiff and members of the Class used their Rewards Cards to make purchases of services or goods with the expectation of receiving the full Sign-Up Bonus. Bank of America receives a financial benefit from each dollar charged on a Rewards Card.

57. Bank of America failed to provide the Sign-Up Bonus, in whole or in part, and as a result Plaintiff and members of the Class overpaid Bank of America as part of services they purchased.

58. Bank of America affirmatively misrepresented to Plaintiff and members of the Class that they would receive the full Sign-Up Bonus.

59. Under principles of equity and good conscience, Bank of America should not be permitted to retain the money belonging to Plaintiff and members of the Class because Bank of America failed to provide the Sign-Up Bonus that they paid for but did not receive. Bank of America wrongfully accepted and retained these benefits to the detriment of Plaintiff and members of the Class.

60. Bank of America's enrichment at the expense of Plaintiff and members of the putative Class is and was unjust.

61. As a result of Bank of America's wrongful conduct, as alleged above, Plaintiff and members of the Class are entitled under the unjust enrichment laws of all 50 states to restitution

and disgorgement of all profits, benefits, and other compensation obtained by Bank of America, plus attorneys' fees, costs, and interest thereon.

## COUNT III
### North Carolina's Unfair & Deceptive Trade Practices Act

62. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs 1 through 39.

63. Application of North Carolina law to the putative Rewards Class with respect to Plaintiff's and the Class's claims is neither arbitrary nor fundamentally unfair because North Carolina has significant contacts and a significant aggregation of contacts that create a state interest in the claims of Plaintiff and the Class.

64. The State of North Carolina has a significant interest in regulating the conduct of businesses operating within its borders. North Carolina, which seeks to protect the rights and interests of North Carolina and all residents and citizens of the United States against a company headquartered and doing business in North Carolina, has an interest in the Plaintiff's claims.

65. The principal place of business of Bank of America in Charlotte, North Carolina, is the "nerve center" of its business activities—the place where its high-level officers direct, control, and coordinate the corporation's activities, including account and major policy, financial, and legal decisions related to the Sign-Up Bonus. Bank of America's corporate decisions regarding how to misrepresent and withhold the Sign-Up Bonus in whole or in part were made from and in North Carolina.

66. Under choice of law principles, the common law of North Carolina applies to the nationwide common law claims of all Class members. Additionally, given North Carolina's significant interest in regulating the conduct of businesses operating within its borders, North Carolina's consumer protection statutes may be applied to non-resident consumer plaintiffs.

11

67. As alleged herein, Bank of America violated N.C.G.S. § 75.1-1 *et seq.* when it affirmatively and knowingly misrepresented to Plaintiff that the full Sign-Up Bonus would be received for the Rewards Card. Such misrepresentations misled Plaintiff and Class members into applying for and using the Rewards Card on the promise of the Sign-Up Bonus and are likely to mislead the public.

68. This practice was not only deceptive, but it was also unfair, illegal, and contrary to public policy. *See generally*, Consent Order, Ex. A.

69. Specifically, Plaintiff reasonably relied on Bank of America's misrepresentations regarding its Sign-Up Bonus for Rewards Card practices. Specifically, Plaintiff did not know that he would not receive the full Sign-Up Bonus. If Plaintiff knew he would not receive the Sign-Up Bonus, he would not have signed up for the Rewards Card. Such misrepresentations misled Plaintiff and Class members into applying for and using the Rewards Card on the promise of the Sign-Up Bonus and are likely to mislead the public. Plaintiff seeks to enjoin Bank of America from misrepresenting this material and accurate information in the documents that it makes available to existing personal accountholders and the general public who might consider banking with Bank of America.

70. Plaintiff and members of the putative Rewards Class reasonably relied on Bank of America's misrepresentations in that Plaintiff received and reviewed the materials, including the Account Documents, provided by Bank of America, and like any reasonable customer, understood that they would receive a Sign-Up Bonus if they met the spending requirement. Had Plaintiff and others in the putative Rewards Class been informed by Bank of America that they would not receive the full Sign-Up Bonus, they would not have signed up for the Rewards Card.

71. Plaintiff and members of the putative Rewards Class were actually damaged as the

direct and proximate result of Bank of America's unfair competition and unfair and deceptive trade practices.

72. Plaintiff and Class Members are entitled to recovery of treble damages and, in the discretion of the Court, reasonable attorneys' fees and costs by virtue of Bank of America's unfair and deceptive trade practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class demand a jury trial on all claims so triable and judgment as follows:

1. Declaring Bank of America's above-delineated policies and practices to be wrongful, unfair, and unconscionable;

2. Restitution of all fees and inflated amounts paid to Bank of America by Plaintiff and the Class, as a result of the wrongs alleged herein in an amount to be determined at trial;

3. Disgorgement of the ill-gotten gains derived by Bank of America from its misconduct;

4. Actual and treble damages in an amount according to proof;

5. Punitive and exemplary damages;

6. Pre-judgment interest at the maximum rate permitted by applicable law;

7. Costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorneys' fees pursuant to applicable law; and

8. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this Complaint that are so triable as a matter of right.

Dated: July 27, 2023                    Respectfully submitted,

*/s/ David M. Wilkerson*
DAVID M. WILKERSON
NC State Bar No. 35742
The Van Winkle Law Firm
11 N. Market Street
Asheville, NC 28801
Phone: 828-258-2991
Fax: 828-257-2767
*dwilkerson@vwlawfirm.com*

**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
Jeff Ostrow (*pro hac vice* to be filed)
Jonathan Streisfeld (*pro hac vice* to be filed)
Daniel Tropin (*pro hac vice* to be filed)
One W. Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel: (954) 525-4100
*ostrow@kolawyers.com*
*streisfeld@kolawyers.com*
*tropin@kolawyers.com*

**KALIELGOLD PLLC**
Sophia Goren Gold (*pro hac vice* to be filed)
Jeffrey D. Kaliel (*pro hac vice* to be filed)
1100 15th Street NW 4th Floor
Washington, D.C. 20005
Tel: (202) 350-4783
950 Gilman Street, Ste 200
Berkeley, CA 94710

Tel: (202) 350-4783
*sgold@kalielgold.com*
*jkaliel@kalielpllc.com*

**SHAMIS & GENTILE, P.A.**
Andrew Shamis (*pro hac vice* to be filed)
14 N.E. 1st Ave., Ste. 1205
Miami, FL 33132
Tel: (305) 479-2299
*ashamis@shamisgentile.com*

**EDELSBERG LAW, P.A.**
Scott Edelsberg (*pro hac vice* to be filed)
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Tel: (305) 975-3320
*scott@edelsberglaw.com*

*Attorneys for Plaintiff and the Putative Class*

14